IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY COOLEEN, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| V. | : | HON. SEAN MCLAUGHLIN,USDJ |
| | : | HON. SUSAN PARADISE BAXTER,USMJ |
| JOHN LAMANNA,et al, | : | |
| Defendants | : | NO.  04-63   ERIE |
| | : | |

<u>PLAINTIFF"S OBJECTIONS TO THE HONORABLE COURT"S
REPORT AND RECCOMEDNDATION THAT DEFENDANT'S MOTION TO DISMISS BE
GRANTED, FILED IN ACCORDANCE WITH THE MAGISTRATES ACT,28 USC §636
(b)(1)(B) and(C), and Local Rule 72.1.4B</u>

NOW COMES Plaintiff, Timothy Cooleen, pro-se, and respectfully files this written list of objections in accordance with the Magistrate's Act, 28 USC,§ 636 (b)(1)(B) and (C), and Local Rule 72.1.4B and in support thereof, alleges the following:

1. Plaintiff is proceeding forward,pro-se, and remains unable to have the access or know-how to otherwise plead his case.

2. Plaintiff's previously filed Declaration , though questioned in regards to truthfulness in Part II ,section 2, under this Honorable Court's " Standards of Review " heading, remains a clearly sworn to statement of the facts of the above captioned case, despite the self-serving nature of the Defendant(s) entries in supporting documents, including the Medical file. In  many instances, the Medical file itself confirms Plaintiff's allegations.

3. Plaintiff has addressed each and every one of the Defendants' arguments in his filed Opposition their Motion to Dismiss. A Brief Summary is now offered as a reminder to this Honorable Court;

<u>The list of Objections are as follows:</u>

1

## THE EIGHTH AMENDMENT CLAIM

Beyond the Standards of Review Section, lies Section B, titled "Relevant Medical History", in this Honorable Court's Report and Recommendation . This somewhat one sided view based on the Declaration of Defendant Beam and cursorilly supported by the Defendants' entries in the Plaintiff's Medical File forms the apparent basis for this Honorable Court's recommendation in Section C" The Bivens Claim ", subsection 2.

In the Court's recommendation , the Honorable Magistrate quotes many cases that support Plaintiff's Claim. The Magistrate correctly points out that the Plaintiff did not allege that he received no medical treatment. Plaintiff alleged that he was denied appropriate medical care as well as being denied recommended treatment. This, though a fine line to tread, is clearly alleged in the Second Amended Complaint and any assertation that Plaintiff merely disagreed with the conservative treatment ( which amounted to nothing more than prescribing over the counter anti-inflammatories and pain medication for a serious spinal injury) is a shameful attempt to further cloud the true issues at hand. This " treatment" that is referred to, as well as the " numerous" times Plaintiff presented himself to the Medical Staff with continued, and painfully evolving symptoms of a serious injury is used to form an opinion, and this Honorable Magistrates' recommendation that the Defendants' were not deliberately indifferent.

How far from the truth this lies is based in the fact that not only has the Plaintiff been injured by the acts and omissions of the named Defendants, but that case law is clearly on the Plaintiff's side. Plaintiff satisfies the two prongs of Deliberate Indifference, alleging both the seriousness of the Medical need as well as the need to allege a sufficiently culpable state of mind on the part

of the Defendants and cites many of the same cases this Honorable Magistrate does in her Report and Recommendation. <u>Defendants</u>" persistent conduct in the face of resultant pain and risk of permanent injury" is quoted as Deliberate Indifference. See <u>White v. Napolean</u>, the important 3rd Circuit case that also upheld that a <u>Plaintiff's substantive Due Process rights</u> included the right to sufficient information to intelligently exercise the right of medical treatment, also denied Plaintiff by witholding the MRI images that showed the extent of the spinal damage.

Plaintiff has fully addressed the Eighth Amendment claim , having sufficiently alleged violations of the clause against cruel and unusual treatment against the Defendants. Accordingly, Plaintiff list his objection to the Magistrate's Report and Recommendation that the Defendants were not deliberately indifferent as well as his objection to the recommendation by this Honorable Court that summary judgement should be granted in favor of the Defendants.

II

<u>THE DUE PROCESS CLAIM</u>

In regards to the Honorable Court's recommendation that Summary Judgement be granted to the Defendants, Plaintiff opposes this as a matter of case law. In <u>Fitke v. Shappell</u> 468 F.2d. 1072, 1076 (1972),the Court held that denial of appropriate medical attention constitutes " the deprivation of constitutional due process." In <u>Shannon v. Lester</u> 519 F2d 76 (1975), the Court held that once the prison officials knew of the extent of one's injury, refusal to provide recommended treatment was a violation of the Due Process Clause of the Fourteenth Amendment. The Defendants knew of the seriousness of the Plaintiff's injury and at first, attempted to transfer him to a Medical Facility within the BOP.

Once this transfer, sought out by the URC, was denied with the recommendation that the Plaintiff be treated locally, the Defendants refused to refer him to a surgeon capable of attending his spinal injury. Dr. Soares recommended not only a diskectomy, but referrals to both a Neurosurgeon , as well as a Pain Management Specialist.

And still... Defendants' continued reference, as well as this Honorable Court's, to the Plaintiff's Spinal Injury as " Low Back Pain" only further illustrates the length to which the Defendants downplayed and disregarded the true nature of the Plaintiff's injury.

Clearly, the injury was a serious one,and the Plaintiff's requests for the ability to review the MRI's with Dr. Soares was denied without concern on the part of the Defendants. All this, without any penological benefit. And though the Court ,in <u>Sandin v. Conner</u>, 515 US 472 (1995), held that certain interests were to be limited, the liberty interest in ones' health and right to information that would allow informed decisions to be made are undeniable and upheld in <u>White</u> as well as in both <u>Shannon</u> and <u>Fitke.</u>

And the Court, in reviewing the record , will clearly see that Plaintiff's claims are not based on a disagreement with what is so liberally described as " Conservative treatment", but properly alleged and based on the denial of prescribed treatment for a serious Spinal Injury, one that has resulted in a wearing away of the sheath that protects the nerve root.

Accordingly, Plaintiff lists his objection to the Magistrate's Report and recommendation that Summary Judgement be granted the Defendants in regards to the Due Process Claim in Count Ten.

III

## THE FTCA CLAIM

Plaintiff has properly set forth a claim pursuant to the requirements of the Federal Tort Claims Act. Plaintiff's Claim, as further reiterated in his Opposition to the Defendants Motion to Dismiss is not, and should not be mistakenly construed by this Honorable Court, a claim for compensation due to an inmate work injury. This Claim, as filed originally, is a claim of negligence against those Defendants whose duty it was to properly diagnose and treat the Plaintiff's injury. The United States, as the named Defendant in Count Eleven, is liable for the negligence of the Defendants and for having breached the duty owed to the Plaintiff to provide him with appropriate care.

Furthermore, while 18 USC § 4126 applies to the Federal Inmate Compensation Act, the Court points out that it need not reach the issue of whether the Bivens Claim is precluded by the Inmate Compensation Act due to the fact that their Dismissal has already been recommended on other grounds.

Plaintiff would like to point out , that as he has addressed the abovementioned " other grounds" and feels the Eighth Amendment issue remains a valid Claim, the need to address the FTCA issue remains as well.

Federal Inmate Compensation Act is not the exclusive Remedy when an Eighth Amendment violation has been alleged. Plaintiff has never sought a Claim through FICA. Plaintiff has alleged negligence in his FTCA Claim quite clearly.

Accordingly, Plaintiff list his objection to the Magistrates Report and Recommendation that the Defendant's Motion to Dismiss for lack of subject matter jurisdiction over the FTCA claim be granted.

5

## SUBJECT MATTER JURISDICTION AS IT APPLIES TO A MOTION TO DISMISS PURSUANT TO Fed.R.Civ.P.12(b)(1)and 12(b)(6)

As it is the contention of the Defendants,and this Court as per the Magistrates Report and Recommendation, that this Honorable Court lacks the Subject Matter Jurisdiction over the FTCA Claim, Plaintiff lists the following objection to the assertation,and Magistrates opinion, that this is grounds to Dismiss the FTCA Claim pursuant to the "exclusive remedy" argument the Defendants assert in their Motion to Dismiss. Defendants claim that the exclusive remedy for injuries suffered while in performance of an Inmate's work assignment is the Inmate Accident Compensation Act. See 18 U.S.C. § 4126.

While this might hold true if the Negligence claimed resulted in the injury itself,this is not the case in the above captioned Civil Action. Plaintiff was not injured in the course of his prison emplyment due to any type of negligence. Plaintiff's injury is also not the basis of the above captioned Civil Action.In fact, the Honorable Magistrate quotes case law in which ("According to Defendants, the Inmate Accident Compensation Act is the sole remedy against the Government when a Federal prisoner's injury is work related, and the cause of the injury is irrelevant so long as the injury itself occurred while the prisoner was on the job.[...] Ramirez' FTCA Claim is likewise barred because it was compensable (and compensated) under the Inmate Accident Compensation Act.") Ramirez v. Duteil,2001 WL 1029531,at*3 (N.D.Tex.). Plaintiff's Spinal injury (the acutely herniated disc) is not the basis for the FTCA Claim of Negligence. And while there is no doubt as to the fact that the Plaintiff suffered a herniated disc in the performance of his prison work assignment, Plaintiff's Claim of

6

personal injury is based on the negligent handling of Plaintiff's medical care. This negligence has led to focal demylination of the sheath that covers the nerve root as it exits the spinal cord. This irrepairable end result of the negligent handling of Plaintiff's medical care is the basis of the Federal Tort Claim . This injury was incurred due to the negligent handling of Plaintiff's medical care while in the care and custody of the Defendant United States, and Defendant United States remains liable for the negligence of those in it's employ because the Defendant United States has a non-delegable duty to provide reasonable care to inmate's in it's custody. Accordingly, Plaintiff lists the aforementioned reasons as his objection as to why the Magistrates Report and Recommendation should not grant the Defendants' Motion to Dismiss for lack of Subject Matter Jurisdiction over the FTCA Claim.

In addition to this objection listed in regards to Subject Matter Jurisdiction, Plaintiff looks to the Magistrate's Report and Recommendation in it's suggestion that the Federal Inmate Accident Compensation Act,(If one were to agree with the Magistrates opinion, Negligent acts are to be considered work related injuries) precludes claims of Constitutional violations as alleged in the Eighth Amendment Claim pursuant to Bivens.

Contrary to the opinion put forth in the Magistrates Report, Case law distinctly defines one's ability to pursue both an FTCA Claim as well as a Bivens claim, and no provision has been made in the Federal Inmates Accident Compensation Act for intentional Torts as those alleged in the first ten (10) Counts of the Second Amended Complaint. And as such, Plaintiff reiterates his objection to the Recommendation that the Eighth Amendment Claim( Counts One through Nine) be summarily judged in favor of the Defendants based on

the contention that Plaintiff was (seen) numerous times by prison medical Staff as well as an Orthpedic Consultant and a Neurosurgeon despite the failure to follow prescribed courses of treatment and timely referrals by these Specialists. It is in this failure, or refusal to follow prescribed treatment that Deliberate Indifference lies.

And not wishing to be misunderstood in regards to the Eighth Amendment Claim against Defendant Klark, not only did Klark disregard Plaintiff's reports of continued pain and dismay at the lack of appropriate Medical care, Defendant Klark maliciously sought to cause further harm, emotional as well as physical, by cancelling Plaintiff's food delivery. When Plaintiff reported that he would just eat "out of his locker" in a reference to purchasing all his foodstuffs from Commissary, Defendant Klark went further in his deliberate indifference by cancelling Plaintiff's previously aranged permission for his bunkmate to pick up his Commissary purchases due to Plaintiff's inability to carry it without terrible pains. This, Defendant Klark knew would further pain the Plaintiff and essentially sought to force Plaintiff to choose between sitting painfully through meals or suffer the pain and risk of further spinal damage by having to carry his food puchases back to his bunk. This act, unrelated to the Honorable Magistrates reasons to recommend Summary Judgement be granted in favor of the Defendants stands unrelated to the alleged level of appropriate medical care and remains unaddressed in the aforementioned Report and Recommendation.

Accordingly, as it remains unadressed, Plaintiff's list this objection to the earlier Eighth Amendment Section as another reason Summary Judgement should not be granted Defendants in regards to the Eighth Amendment Claims found in the Second Amended Complaint.

IV

As per the Declaration of Roberta Truman, executed on March 29, 2005 Gary Grimm and Rodney Smith, as named Defendants remain liable for the acts and omissions alleged in the Second Amended Complaint as members of the Defendant URC.

Accordingly, any Recommendation to Dismiss these Defendants for Plaintiff's failure to state a Claim should be reconsidered, as Plaintiff has alleged affirmative actions throughout the Second Amended Complaint.

As such, Plaintiff, for the abovementioned reasons, objects to the Magistrates Report and Recommendation that Defendant's motion to Dismiss should be granted in this regard.

In summation, Plaintiff objects to each and every Recommendation found in the Magistrate's Report and seeks review by the Honorable District Court Judge, Sean McLaughlin at his convenience.

Respectfully submitted,

Timothy Cooleen, pro-se
8777 Chautauqua Road
Fredonia, New York
14063

Dated: 8-10-05

CERTIFICATE OF SERVICE

I, Timothy Cooleen, certify that on the undersigned date, a true, correct and complete copy of within Plaintiff's Objections to the Honorable Court's Report and Recommendation that Defendant's Motion to Dismiss be Granted was served by United States First Class Mail upon the following :

        Mary Beth Buchanan USA
        Paul D. Kovac       AUSA
        Western District of Pennsylvania
        700 Grant Street, Suite 400
        Pittsburgh, PA.  15219

        _____
        Timothy Cooleen

Dated: 8-10-05