Case 1:04-cv-00063-SJM-SPB    Document 72    Filed 08/19/2005    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY COOLEEN, | ) | |
| | ) | Civil Action No. 04-63E |
| Plaintiff, | ) | Hon. Sean McLaughlin, U.S.D.J. |
| | ) | Hon. Susan Paradise Baxter, |
| v. | ) | U.S.M.J. |
| | ) | |
| JOHN LAMANNA, et al. | ) | ELECTRONICALLY FILED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS
TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

AND NOW, come Defendants, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney, and, pursuant to the Magistrate Judge's Report and Recommendation ("Report and Recommendation")(page 16), respectfully files this opposition to Plaintiff's Objections to Magistrate Judge's Report and Recommendation ("Plaintiff's Objections") .

Defendants rely upon their previous filings in this case that effectively rebut the points raised in Plaintiff's Objections and concurs with the persuasive reasoning contained in the Report and Recommendation.  However, Defendants submit the following point in clarification and opposition to Plaintiff's argument regarding jurisdiction under the Federal Tort Claims Act (FTCA).

Plaintiff contends that he has "properly set forth a claim pursuant to the requirements" of the FTCA.  Plaintiff's

Case 1:04-cv-00063-SJM-SPB    Document 72    Filed 08/19/2005    Page 2 of 4

Objections at 5.  Plaintiff argues that his claim is based upon
negligence due to the alleged failure of the Defendants "to
properly diagnose and treat the Plaintiff's injury."  Id.
Plaintiff contends that the Inmate Accident Compensation Act
("IAC"), 18 U.S.C. § 4126, is not the exclusive remedy for this
claim and submits that proper jurisdiction resides under the
FTCA.  Id.

        Plaintiff is mistaken.  The IAC is also the exclusive remedy
for work-related injuries that are subsequently aggravated by
alleged medical malpractice on the part of prison officials and
doctors for the prison.  See Wooten v. United States, 825 F.2d
1039, 1044 (6th Cir. 1987)("Section 4126 is also the exclusive
remedy when a work-related injury is subsequently aggravated by
negligence and malpractice on the part of prison officials.");
Thompson v. United States, 495 F.2d 192, 193 (5th Cir. 1974)
(same); Byrd v. Warden, 376 F. Supp. 37, 38 (S.D.N.Y.
1974)("[T]he United States is not liable under the FTCA for
additional damages resulting from any aggravation of injury
caused by the negligence of its employees in providing proper
medical treatment since any such aggravation of injury resulted
from the initial injury.").  Accordingly, Plaintiff is incorrect
in asserting that this Court has jurisdiction pursuant to the
FTCA.  ___

WHEREFORE, Defendants respectfully request that the Report and Recommendation be adopted and that Defendants' Motion to Dismiss or alternatively, for summary judgement be granted.

Respectfully Submitted,

MARY BETH BUCHANAN
United States Attorney


By:   s/Paul D. Kovac
      PAUL D. KOVAC
      Assistant U.S. Attorney
      Western District of Pennsylvania
      U.S. Post Office & Courthouse
      700 Grant Street Suite 4000
      Pittsburgh, PA 15219
      (412)894-7489

Dated:     August 19, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2005, I electronically filed and/or served a copy of "**DEFENDANT'S OPPOSITION TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**" by first-class U.S. Mail upon the following:

Mr. Timothy Cooleen
Pro Se Plaintiff
8777 Chautauqua Road
Fredonia, New York 14063


s/Paul D. Kovac
PAUL D. KOVAC
Assistant U. S. Attorney