NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4751
_____

TIMOTHY COOLEEN,

Appellant

v.

WARDEN JOHN LAMANNA, FCI McKean; GARY GRIMM, Associate
Warden, FCI McKean; DR. DENNIS OLSON, Chief Medical Officer,
FCI McKean; MR. MENNA, Hospital Administrator, FCI McKean;
DR. H. BEAM, Staff Physician, FCI McKean; ROBERT KLARK,
Camp Administrator, FCI McKean; R. SMITH, Chief Medical Officer,
FCI McKean; C. T. MONTGOMERY, Assistant Chief Medical Officer (P.A.),
each sued in their individual and official capacities; UNKNOWN, UNNAMED
MEMBERS, of the Utilization Review Committee, FCI McKean, each sued in
their individual and official capacities; UNITED STATES OF AMERICA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00063)
District Judge: Honorable Judge Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
May 1, 2007

Before: BARRY, CHAGARES and ROTH, CIRCUIT JUDGES

(Filed: September 14, 2007)
_____

OPINION
_____

PER CURIAM

Timothy Cooleen appeals the order of the United States District Court for the Western District of Pennsylvania granting the defendants' motion to dismiss or, alternatively, for summary judgment. We will affirm in part and vacate in part.

I.

On March 21, 2002, Timothy Cooleen, a prisoner at the Federal Correctional Institution at McKean (FCI-McKean), injured his back while performing his prison job.[1] Cooleen was transferred from FCI-McKean on September 11, 2003. Cooleen alleges that during the time from his injury to his transfer, prison officials delayed or refused necessary medical treatments, delayed or denied referring him to necessary specialists by not scheduling appointments or cancelling existing appointments, and cancelled previously-approved accommodations designed to lessen Cooleen's pain in obtaining and eating meals. Cooleen also alleges that the Utilization Review Committee improperly denied various procedures and referrals, which he had no opportunity to challenge.

On March 1, 2004, Cooleen filed suit, which he later amended to bring <u>Bivens</u> claims against (1) prison officials (Warden John LaManna, Associate Warden Gary Grimm, Camp Administrator Robert Klark), (2) prison medical personnel (Chief Medical Officer Dennis Olson, Hospital Administrator Menon,[2] Staff Physician Herbert Beam,

---

[1] Because we write for the parties, we do not set forth all of the facts of the case in detail. A more thorough summary of the background is available in Cooleen's complaint and the Magistrate Judge's Report. See Summary Appendix at 5-15; Appellant's Appendix, Exhibit D3 at 5-10.

[2] Menon's name was misspelled as Menna at earlier points in these proceedings.

2

Chief Medical Officer Smith, Assistant Health Services Administrator C. Todd Montgomery), and (3) the (unnamed) members of the Utilization Review Committee, as well as claims pursuant to the Federal Tort Claims Act (FTCA) against the United States. Cooleen also alleged a violation of his due process rights related to certain decisions issued by the Utilization Review Committee, and the handling of his medical records. The defendants filed a motion to dismiss or, in the alternative, for summary judgment.

Over Cooleen's objections, the District Court adopted the Magistrate Judge's Report and Recommendations. The Court found that Cooleen failed to allege any affirmative action on the part of defendants Menon, Grimm, and Smith, and dismissed the suit as to them for failure to state a claim. The Court also granted the motion to dismiss the FTCA claim for lack of subject matter jurisdiction, finding that, because Cooleen's injury was work-related, the Inmate Accident Compensation Act precluded his FTCA claims. The Court granted summary judgment on the Bivens and due process claims. Cooleen appealed and the defendants filed a motion for summary action. On August 30, 2006, we denied the summary action motion with instructions to the parties to address in their briefs whether any delays in Cooleen's medical treatment violated the Eighth Amendment.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001) (motion to dismiss); Torres v.

Fauver, 292 F.3d 141, 145 (3d Cir. 2002) (summary judgment).  With regard to the claims dismissed pursuant to Rule 12(b)(6), we accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them.  See Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).  When reviewing the grant of summary judgment, we must determine whether the record, when viewed in the light most favorable to Cooleen, shows that there is no genuine issue of material fact and that the defendants were entitled to judgment as a matter of law.  See Torres, 292 F.3d at 145.  We can affirm the District Court's order on any ground supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

*Eighth Amendment Claims*

Cooleen raises several Eighth Amendment claims.  He asserts that, at certain periods he was denied appointments with specialists necessary to diagnose his injury, that he was denied the diagnostic procedures eventually recommended by those specialists, and that those denials exposed him to unnecessary pain and suffering.

To prevail under 42 U.S.C. § 1983, Cooleen must show that prison officials were deliberately indifferent to a serious medical need.  See Estelle v. Gamble, 429 U.S. 97 (1976).  Allegations of negligent treatment are medical malpractice claims, and do not trigger constitutional protections.  Id. at 105-06.  Instead, deliberate indifference requires a sufficiently "culpable" state of mind.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Acting with "reckless[] disregard[]" to a substantial risk of serious harm to a prisoner is consistent with deliberate indifference.  See Farmer, 511 U.S. at 836.  This

4

Court has found that the standard is met when prison officials 1) deny reasonable requests for medical treatment, and the denial exposes the inmate to undue suffering or the threat of tangible residual injury, 2) delay necessary medical treatment for non-medical reasons, 3) erect arbitrary and burdensome procedures that result in interminable delays and outright denials of care, or 4) prevent an inmate from receiving recommended treatment for serious medical needs, or deny access to a physician capable of evaluating the need for treatment.  See Monmouth v. Lanzaro, 834 F.2d 326, 346-47 (3d Cir. 1987); see also Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).  We have also found "deliberate indifference" where prison officials continue a course of treatment they know is painful, ineffective, or entails a substantial risk of serious harm.  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999); White v. Napoleon, 897 F.2d 103, 109 (3d Cir. 1990).

> The District Court's analysis of Cooleen's claim is as follows:
>
> Plaintiff does not allege that he received no medical treatment – he only alleges that the conservative course of his treatment violates his Eighth Amendment rights.  The medical records demonstrate the Plaintiff was seen numerous times by prison medical staff, as well as an orthopedic consultant and a neurosurgeon, and that his pain was treated with various pain medications.  Therefore, Defendants were not deliberately indifferent and summary judgment should be granted in favor of Defendants on this claim.

Report and Recommendation dated 8/1/2005 (Appellant's Appendix, Exhibit D3 at 12). While we agree that Cooleen was treated for his injury while at FCI-McKean, the District Court's analysis is somewhat incomplete, in light of Cooleen's allegations concerning the denials of (or delay in) treatment or procedures.  In particular, the record reveals several

instances in which it appears prison officials delayed or denied certain treatments or appointments despite recommendations by medical specialists. These include:

--On July 10, 2002, orthopedic specialist Dr. Soares recommended that Cooleen undergo an MRI to determine the extent of his injury. The Utilization Review Committee initially rejected the procedure, and Cooleen did not have the MRI until August 21, 2002.

--On September 4, 2002, Dr. Soares referred Cooleen for a possible diskectomy. The October 17th rejection letter from the Board of Prisons Regional Director authorizes prison officials to "pursue local treatment" and indicates that Cooleen was "scheduled to be evaluated by a local contract orthopedic surgeon at the earliest possible opportunity." Cooleen attempted to obtain the treatment described in the letter, and during appointments expressed that he was in pain. Prison physician Beam did not refer him to a surgeon until February 2003, and Cooleen did not see that surgeon until March 27, 2003.

--Though neurosurgeon Dr. Gilman found that Cooleen's herniated disc was resolved in May 2003, he cautioned prison officials that Cooleen's problem was not gone, and scheduled a follow-up appointment with Cooleen for August 20, 2003. The Utilization Review Committee cancelled the appointment.

We note that the District Court's account of treatment relies heavily upon the declaration of Dr. Beam. However, in some instances, Beam's account contradicts the

medical records before us.[3] While case law counsels that we defer to the medical judgments of physicians, an issue of material fact may exist where there is clear reason in the record to question the basis for a medical determination. See Durmer, 991 F.2d at 68 ("While a reasonable trier of fact might believe [the doctor's] explanation that these evaluations were . . . medically desirable before beginning physical therapy, it might also reject this explanation"). For example, the District Court states that the Utilization Review Committee rejected the initial MRI recommended by the orthopedic specialist because Cooleen was able to "*walk without difficulty*" and, accordingly, "the MRI was not medically necessary at that time." Report and Recommendation, Appellant's Appendix, Exhibit D3 at 7 (emphasis added). This fact, taken from Dr. Beam's Declaration, is the sole rationale offered for delaying/refusing the MRI. However, we can find no support on the record for the assertion, and find, in fact, significant evidence to suggest the opposite is true.[4]

---

[3] As summary judgment was granted as to these claims, resolution of conflicting accounts must favor Cooleen. See Pastore v. Bell Telephone Co. of Pa., 24 F.3d 508, 512 (3d Cir. 1994).

[4] According to the medical records, on July 10, Cooleen received a "trigger-point" injection specifically to relieve pain. On July 17, a physician's assistant examined Cooleen lying in bed in his cell because he complained of severe pain, and noted that Cooleen had stopped eating meals in the mess hall because he was unable to sit through them. She also noted that he "can walk to the bathroom *with* difficulty." Summary Appendix at 325 (emphasis added). The P.A. conducted a follow-up exam on July 19 during which Cooleen's pain was a "#10," when walking upright "slowly and cautiously," and he was unable to lie on the table for the exam. Summary Appendix at 326. There are no additional entries in Cooleen's medical record between the date the MRI was recommended and the date the Committee received the MRI recommendation.

Accordingly, because the District Court's analysis did not address the issue of prison officials' delay or denial of recommended treatments, and we cannot conclude on the record before us that a genuine issue of material fact does not exist, we cannot affirm with regard to Cooleen's Eighth Amendment claims. We will remand to the District Court for a determination whether these instances amount to a constitutional violation.

*Due Process Claims*

We agree with the District Court that Cooleen cannot show the violation of a constitutionally-protected liberty interest regarding the medical treatment he received or the Utilization Review Committee's decisions concerning certain procedures. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (procedural due process protects only against a government action that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). We need not reach the issue of Cooleen's opportunity to challenge the Committee's decisions.

Turning to Cooleen's substantive due process claims, we note that substantive due process does protect a right to medical care. Typically, substantive due process rights are invoked by pre-trial detainees and other nonconvicted persons seeking medical care who cannot invoke the Eighth Amendment. See Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987) ("Pretrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause [which similarly] requires the

government to provide appropriate medical care.").

But Cooleen can properly invoke the Eighth Amendment to challenge issues relating to his medical care. The very viability of his Eighth Amendment claims means that his substantive due process claims are without merit, as the Supreme Court has explained that "'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'" County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)); see also Graham v. Poole, __ F. Supp. 2d __, 2007 WL 751273, at *3 (W.D.N.Y. Mar. 12, 2007) (holding that when a prisoner's "deliberate indifference claim is covered by the Eighth Amendment, the substantive due process claims are duplicative" and thus "the substantive due process claims [should be] dismissed") (quotations and citations omitted).

*Federal Tort Claims Act Claim*

The defendants contend that Cooleen's claim under the FTCA, 28 U.S.C. § 1346(b), 2671-2680, is precluded by the Inmate Accident Compensation Act, 18 U.S.C. § 4126. We agree. In the Inmate Accident Compensation Act, Congress created a scheme to compensate inmates for injuries sustained in the course of their penal employment. By statute, the Federal Prison Industries Fund pays "compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18

9

U.S.C. § 4126(c)(4); see also 28 C.F.R. § 301.101-301.319 (regulating such claims).

Federal prisoners seeking compensation for injuries sustained during penal employment are limited to the remedy provided by 18 U.S.C. § 4126. See United States v. Demko, 385 U.S. 149, 151-54 (1966) (holding that prisoners are barred from bringing FTCA claims in such situations, as § 4126 is their exclusive remedy). This principle has been uniformly applied. See Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996) ("18 U.S.C. § 4126(c)(4) . . . is a prisoner's exclusive remedy against the United States for work related injuries and bars a prisoner from suit under the Federal Tort Claims Act for work related injuries."); Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) (explaining that "Section 4126 is the exclusive remedy for a federal prisoner injured in the performance of an assigned task while in a federal penitentiary" and thus bars the plaintiff's FTCA claim).

To the extent that Cooleen argues that his particular claim is brought in connection with the subsequent negligence of his prison doctors, rather than his initial work-related injury, numerous courts have recognized that such a claim is still clearly barred by Demko. See, e.g., Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987) ("Section 4126 is also the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials."); Vander v. Dep't of Justice, 268 F.3d 661, 664 (9th Cir. 2001) ("'Despite the appellant's allegation that the negligence of the hospital worker occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since

the cause of his original injury was work-related and compensable under 18 U.S.C. § 4126.'") (quoting Thompson v. United States, 495 F.2d 192, 193 (5th Cir. 1974) (same)).[5]

Accordingly, we will vacate the District Court's order with regard to Cooleen's Bivens claims and remand for consideration consistent with this Opinion. We will affirm in all other respects.

---

[5] As a related matter, the defendants briefly contend in a footnote that 18 U.S.C. § 4126 also acts to bar Cooleen's Bivens claims. The circuits that have published on the question have concluded that 18 U.S.C. § 4126 does not prevent plaintiffs from bringing Bivens actions for work-related injuries. See Bagola v. Kindt, 131 F.3d 632, 645 (7th Cir. 1997); Vaccaro, 81 F.3d at 857. We decline to find otherwise.