IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY COOLEEN, ) | |
| ) | Civil Action No. 04-63E |
| Plaintiff, ) | |
| ) | Hon. Sean McLaughlin |
| v. ) | U.S. District Judge |
| ) | |
| JOHN LAMANNA, et al., ) | Hon. Susan Paradise Baxter |
| ) | U.S. Magistrate Judge |
| Defendants. ) | |
| ) | ELECTRONICALLY FILED |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

AND NOW come Defendants, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Paul D. Kovac, Assistant United States Attorney for said district, and hereby opposes Plaintiff's Motion for Summary Judgment (Doc. Nos. 85 and 86) for the reasons set forth below.

    **I.    ASIDE FROM HIS OWN SELF-SERVING DECLARATION, PLAINTIFF FAILS TO PRODUCE ANY EVIDENCE THAT SUPPORTS SUMMARY JUDGMENT IN HIS FAVOR.**

In moving for summary judgment, Plaintiff relies largely upon his own declaration and self-serving representations of the medical attention he received and allegedly did not receive. <u>See</u>, <u>e.g.</u>, Pl.'s Memo. of Law at pp. 2-3 (references to his declaration); p. 7 (unsupported allegations involving Lamanna and Klark). He has offered no independent medical expert or other witness affidavit to support the allegations in his Second Amended Complaint. Moreover, as explained in Defendants' Summary Judgment papers, the medical record alone fails to

establish that Plaintiff's care and treatment constituted deliberate indifference, rising to the level of a Constitutional violation.

In moving for summary judgment, a party must demonstrate that there are no genuine issues of material fact, and they are entitled to judgment as a matter of law. Chipollini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir. 1987). In doing so, it is unacceptable to rely solely upon the self-serving declarations of the moving party. See Dyszel v. Marks, 6 F.3d 116, 129 (3d Cir. 1993) ("Appellant's self-serving allegations are entitled to little weight, and are insufficient to raise a triable issue of fact."). Here, Plaintiff's entire argument is hinged upon his own declaration and his own interpretation of the medical record. Despite the continual treatment over the course of many months that is noted in the medical record, Plaintiff still insists that there was deliberate delay based upon the fact that surgery was not immediately provided and certain physicians of his choice were not consulted as regularly as Plaintiff insists. However, Plaintiff fails to provide any independent evidence verifying that immediate surgery would have provided relief, that certain physicians would have approached treatment differently, or that BOP physicians deliberately refused Plaintiff appropriate treatment. Again, deliberate indifference is a subjective recklessness or conscious disregard of a substantial risk of harm. Farmer v. Brennan, 511 U.S. 825, 839 (1994). To be actionable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. Aside from Plaintiff's unsupported assertions, the evidence in this record indicates attentive physicians that followed a conservative course of treatment that was, perhaps painful, but ultimately successful without subjecting Plaintiff to further harm as a result of the unknown outcomes of surgery. Accordingly, Plaintiff's own self-serving declarations,

disagreements, and interpretations of this medical record, wholly unsupported by any independent medical determination, is insufficient to grant summary judgment in his favor.[1]

##### II. PLAINTIFF'S SUMMARY JUDGMENT ARGUMENTS HAVE BEEN REBUTTED AND EXPLAINED IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.

The remainder of Plaintiff's summary judgment motion relies upon arguments of alleged delay and denial of medical treatment that were adequately explained and rebutted in Defendants' Motion to Dismiss and Memorandum of Law in Support. See Docket Nos. 87 and 88. Accordingly, Defendants incorporate those arguments herein.

Respectfully submitted,

MARY BETH BUCHANAN
UNITED STATES ATTORNEY

By: s/Paul D. Kovac
PAUL D. KOVAC
Assistant U.S. Attorney
Western District of Pennsylvania
U.S. Post Office & Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Dated: June 23, 2008            (412) 894-7489

---

[1] Additionally, Plaintiff fails to include an undisputed statement of material facts to support his summary judgment. Local Rule 56.1. Although courts show leniency to the pleadings of pro se litigants, this does not mean that basic procedural rules should be ignored. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse the mistakes of those who proceed without counsel."); Faretta v. California, 422 U.S. 806, 834 n. 46 (1975) (stating that pro se status is not a license to disregard procedural rules or substantive law); see also Harris v. SuperValu Holdings, 2007 WL 1599006 at n.1 (W.D. Pa. Jun. 4, 2007) ("However, although some relaxation of the rules of procedure is appropriate, the Courts cannot grant a cart blanche suspension of the rules of civil procedure regarding summary judgment to pro se plaintiffs.")(emphasis in original).

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of June, 2008, I electronically filed and served via first-class U.S. Mail, a true and correct copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Summary Judgment to the following:

>Mr. Timothy Cooleen
>8777 Chautauqua Road
>Fredonia, NY 14063

>s/Paul D. Kovac
>PAUL D. KOVAC
>Assistant U.S. Attorney